IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER; OREGON WILD; and CASCADIA WILDLANDS,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN GERRITSMA; and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | Case No. 1:12-cv-01166-PA<br><br>ORDER |

**PANNER, District Judge:**

Plaintiffs brought this action seeking judicial review of the administrative decisions of the Defendants regarding the Rio Climax Forest Management Project. On August, 21, 2013, I

PAGE 1 – ORDER

dismissed the action (# 46). As the prevailing party, Defendants seek costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 (# 54). Plaintiffs object to the Bill of Costs (# 58), arguing that the Court should not imposes costs or, in the alternative, that it should only be taxed an amount commensurate with similar timber sale cases. I conclude that Plaintiffs have not met their burden to overcome the presumption of awarding costs to the prevailing party. Accordingly, I GRANT the Defendants costs in the amount of $5,291.80.

## *Legal Standard*

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). 28 U.S.C. § 1920 provides that the court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

There is a presumption in favor of awarding costs to the prevailing party. *See, e.g., Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 592–93 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion . . . [and] explain why a case is not

ordinary." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (quotation marks and citation omitted).

The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Id.* at 946. Courts are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). The district court retains broad discretion to decide how much to award, if anything. *Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

## *Discussion*

Defendants seek $5,291.80[1] on costs for docket and transcript fees, as well as for formatting and producing copies of the administrative record. Plaintiffs object to the Bill of Costs on the basis that (1) it would be inequitable to award costs, and (2) majority of the asserted costs are not recoverable under § 1920.

### I. Award of Costs

A court may consider the following factors in determining whether to award costs: (1) whether the suit was in the public interest; (2) the limited financial resources of the losing party; (3) whether the suit was brought in good faith and whether the claims had merit; and (4) the chilling effect that imposing costs may have on future litigants. *Ass'n of Mex.-Am. Educators*, 231 F.3d at 591–93.

---

[1] Defendants initially requested $5,696.98, but Defendants concede and drop $405.18 in their response to Plaintiffs' objection. *See* Defs.' Br. 14–15.

I conclude that Plaintiffs have not met their burden demonstrating why costs should not be assessed. Accordingly, Defendants are awarded costs.

## II. Recoverable Costs

Plaintiffs raise a number of arguments as to why the exemplification costs, as well as the cost of transcripts, are not recoverable. I find none of these arguments persuasive. Particularly, regarding § 1920(4) costs, this Court has held previously that "'the costs associated with the formatting and preparing of the administrative record are proper and necessarily incurred to produce electronic copies' for use in the case." *W. Radio Servs. Co., Inc. v. Allen*, Civ. No. 6:14-CV-00747-AA, 2016 WL 684658, at *1 (D. Or. Feb. 16, 2016) (citing *Or. Wild v. U.S. Forest Serv.*, Civ. No. 1:14-CV-00981-PA, 2015 WL 4609975, at *2 (D. Or. July 31, 2015)). Therefore, I conclude that all costs sought by Defendants are recoverable.

### *Conclusion*

Defendants are GRANTED costs in the amount of $5,291.80

IT IS SO ORDERED.

DATED this 13 day of September, 2016.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE